## 28055. SMITH et al. v. THE STATE.

ARGUED JULY 10, 1973 — DECIDED SEPTEMBER 6, 1973.

*Ike W. Cobb,* for appellants.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Kenneth W. Traub, James H. Mobley, Jr., Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B.*

*Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellee.

INGRAM, Justice. This is a direct appeal from a sentencing judgment entered in a case in which appellants plead guilty to several counts of armed robbery. The appeal challenges the subsequent order of the trial court following sentencing in which the appellants' request to withdraw their pleas was denied. The issue before this court is whether the trial court erred in refusing to allow the appellants to withdraw their pleas. In reviewing this decision, we proceed on the basis that a ruling on a motion to withdraw a plea of guilty after pronouncement of sentence is always within the sound legal discretion of the trial court. *McCrary v. State,* 215 Ga. 887 (2) (114 SE2d 133) (1960). See, also, the recent trilogy of cases in the Court of Appeals, *Ware v. State,* 128 Ga. App. 407 (196 SE2d 896) (1973); *Marshall v. State,* 128 Ga. App. 413 (197 SE2d 161) (1973); and, *Farmer v. State,* 128 Ga. App. 416 (196 SE2d 893) (1973).

At the guilty plea hearing, both appellants were represented by counsel. The assistant district attorney determined from the responses of the appellants that they had conferred with their attorney concerning the charges against them; that they had read the indictments setting forth specifically the crimes they were charged with, as read in part to them in court; that they understood the charges against them and understood the charges carried penalties of 2 to 20 years, or life; that each understood he was waiving certain constitutional rights, among which were that of trial by jury and the right to call witnesses, to remain silent and to cross examine witnesses; that they were not making their pleas due to any promises or threats made to them; and, that in fact they had committed the crimes with which they were charged.

The trial court accepted the pleas of guilty and the assistant district attorney recommended 12 years for the appellant Baldwin and 9 years for the appellant Smith, these being recommendations of leniency in both instances. The trial court, however, rejected the state's recommendations and announced he would sentence Baldwin to life imprisonment and Smith to 20 years confinement in the State Penitentiary. The trial court also informed the defendants: "And either of you have a perfect right to withdraw your plea of guilty, in which event it will be submitted to a jury for trial."

The guilty plea hearing was held on March 20, 1973. Sentences were committed to judgment on the same day. Subsequently, the appellants sent a letter to the trial court requesting they be

allowed to withdraw their pleas. The trial court then held another hearing on their requests. The record of this hearing reveals there was a recess at the termination of the earlier guilty plea hearing during which the appellants conferred with their attorney and determined they did not wish to withdraw their pleas. It was after this recess that sentences were pronounced by the trial court. It was also established at the hearing on the plea withdrawal, as the trial court reviewed the record of the guilty plea hearing with appellants, that at the time the pleas were entered appellants were not acting under any promise or threats to coerce them to plead guilty. Additionally, counsel for the appellants at the guilty plea hearing indicated that although he had bargained for the pleas with the assistant district attorney in return for recommendations of leniency, the appellants were assured the assistant district attorney's recommendation was not binding on the trial court.

In this appeal, new counsel for the appellants makes the argument that after the trial court announced appellants could withdraw their pleas it became a factual issue as to whether their decision not to do so was one made knowingly and voluntarily by them. Counsel states, "the presumption is that a man who is given a second opportunity to be sentenced to a lesser amount of time, would not voluntarily accept the maximum sentence, if he understood and knew the consequences of that decision." The argument of counsel is essentially that there was no knowing and voluntary relinquishment of the right to withdraw the guilty pleas. See, in this regard, *Ware v. State,* 128 Ga. App. 407, supra (1973); and *Farmer v. State,* 128 Ga. App. 416, supra (1973).

Code § 27-1404 gives an accused the right to withdraw a guilty plea prior to pronouncement of sentence. This requires that the accused be given the opportunity to withdraw in light of the developments at the hearing and is considered a necessary part of the plea bargaining system. If the accused finds the bargain as struck was not fulfilled by the prosecution he may change his mind and submit the case to a jury for determination. As Judge Hall said in *Allen v. State,* 118 Ga. App. 354, 355 (163 SE2d 839) (1968): "It should be remembered that the reason for allowing a defendant to set aside a conviction on a plea of guilty which was induced by hope for leniency offered by public officials, is not primarily to afford the defendant an opportunity to change his mind because the inducement or promises are not fulfilled, but to give effect to the law that only confessions understandingly and voluntarily

made have probative value, and not those coercively induced by prosecuting officers in violation of law." See Santobello v. New York, 404 U. S. 257 (92 SC 495, 30 LE2d 427) (1971).

The evidence here indicates that the trial judge advised the appellants of the sentences he intended to impose and allowed them a recess to consider the matter further with counsel. The appellants were thereby informed that even though the prosecution had made its bargained-for recommendation of leniency, the trial court was not disposed to accept it but would impose harsher sentences. The appellants were also made aware by counsel that the prosecution had assembled witnesses who could identify them as the perpetrators of the armed robberies for which they were charged and that the prosecution was prepared to go forward with the jury trial. They were also under advice of experienced counsel that it would be better to plead guilty and submit themselves to the court rather than take their chances with a jury.

We conclude that the decision made by the appellants to let their guilty pleas stand was one made knowingly without duress or influence, and therefore appellants must now abide the judgment of the court which ensued.

*Judgment affirmed. All the Justices concur.*