## 51027. PETTY v. THE STATE.

Evans, Judge.

Defendant pleaded guilty to two counts of burglary and was sentenced to serve three years on each count. Defendant appeals his conviction. He contends he did not knowingly and intentionally waive his right to counsel; and he contends the trial court erred in sentencing him when he was not represented by counsel. *Held:*

1. At the time of defendant's plea of guilty, on February 28, 1975, the court conducted a hearing and before pleading to the indictment, defendant was fully advised of his constitutional rights to a speedy and public trial, the right to be tried by a jury, the right to see, hear and question all witnesses against him, the right to present evidence or to remain silent, and the right to have a qualified attorney to *defend him before, during and, if necessary, after* the trial.

2. Counsel contends that the court failed to explain to the defendant that he had a right to be represented by counsel *at the hearing where he pleaded guilty,* and that if he had been represented by counsel there, his attorney could have informed defendant of his right to withdraw the plea of guilty. He contends he did not intentionally and knowingly waive his right to counsel, and that the lower court thus committed error, citing Hamilton v. Alabama, 368 U. S. 52 (82 SC 157, 7 LE2d 114). He was entitled to counsel at all stages of his trial and at this hearing. Townsend v. Burke, 334 U. S. 736 (2) (68 SC 1252, 92 LE 1690). But it is clear that at this stage, defendant waived his right to counsel.

3. Under Code § 27-1404, the defendant has an absolute right to withdraw the plea of guilty and plead not guilty before judgment is pronounced. After sentence has been pronounced, it is a discretionary matter as to whether the court allows the defendant to withdraw his plea. *Smith v. State,* 231 Ga. 23 (200 SE2d 119).

4. The first hearing was held on February 28, 1975; the defendant was out of jail and on bond, and was not sentenced until March 31, 1975. At that time, after he was sentenced, he requested appointment of counsel *to defend him or appeal his sentence.* The court then conducted an

indigency hearing to determine his right to have counsel appointed for him and there stated *counsel would be appointed for him,* and counsel was thereafter appointed for him.

5. While the better practice would be for the court to determine indigency and to appoint counsel if the defendant is indigent before defendant pleads guilty, here it was thoroughly explained to the defendant who was out on bond that he was entitled to a qualified attorney to defend him before, during, and, if necessary, after the trial. The denial of due process by lack of counsel being present when he plead guilty and when he was sentenced was not shown here as was in the case of Townsend v. Burke, 334 U. S. 736 (2), supra.

6. It is clear that defendant waived his right to counsel, and we find that he was not misled, but freely and voluntarily pleaded guilty without hope of reward, knowing he was entitled to counsel should he desire.

7. Defendant did not withdraw his waiver and request counsel at the sentencing stage as has been done in other cases.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 9, 1975 — DECIDED NOVEMBER 21, 1975 — REHEARING DENIED DECEMBER 5, 1975 — 

*Paul McGee,* for appellant.
*William H. Ison, District Attorney, J. W. Bradley, Assistant District Attorney,* for appellee.

