## 57367. WEATHERS et al. v. THE STATE.

BIRDSONG, Judge.

Withdrawal of guilty plea. Jimmy Dwight Weathers and Mary Charlene Weathers, husband and wife, entered a plea of guilty to a charge of receiving stolen property and were sentenced to serve two years in the penitentiary. A month after the sentence was entered, the defendants with different counsel, moved to withdraw their pleas of guilty and in the alternative, should the withdrawal not be per-

mitted, for the grant of supersedeas bond pending the outcome of appeal of the denial of the motion to withdraw the guilty pleas. The trial court denied the motion in all particulars without granting the defendants a hearing. Defendants then filed an appeal of the denial with this court. This court, by order, mandated a hearing as to the propriety of the granting or denial of a bond and remanded the case for that purpose. Following a hearing, the trial court granted bond for both defendants pending appeal. During the hearing on the question of the propriety of a bond, the trial court and the defendants agreed that the issue of the validity of the guilty pleas was not before the court, but that jurisdiction was vested in this court by virtue of the appeal. The trial court did not make a specific inquiry into the issue of the validity of the acceptance of the pleas as of the time of entry. Even though we find attached to the brief of the appellants an exhibit that purports to be a transcript of the guilty plea proceedings, we have no record before us to pass upon the validity of those proceedings. See *Jenkins v. Bd. of Zoning Appeals,* 122 Ga. App. 412 (2) (177 SE2d 204). We further note that during the hearing on the grant or denial of the bond, testimony was elicited by the state from the defense counsel who represented defendants at the guilty plea proceedings detailing the advice given by him to the defendants concerning their constitutional rights. Nevertheless, there has been no affirmative ruling by the trial court concerning the motion to withdraw the guilty plea other than the one now on appeal, as to which, as previously noted, the trial court has conducted no hearing.

Code § 27-1404 gives a defendant the right to withdraw his plea at any time before the sentence has been entered in the case. After the sentence has been entered, the withdrawal of the plea within the same term of court rests within the sound discretion of the trial court. *Smith v. State,* 231 Ga. 23, 24 (200 SE2d 119). As held in *Purvis v. Connell,* 227 Ga. 764, 766 (182 SE2d 892): "It is clear . . . that a state trial judge, in accepting a plea of guilty, now has the same duty in this respect that a federal trial judge has under Rule 11 of the Federal Rules of Criminal Procedure. That rule, in essential part, is as follows 'The court . . . shall not accept [a plea of guilty]

*without first addressing the defendant personally* and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea . . . The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.'" (Emphasis supplied.) We further note that Rule 11 of the Federal Rules of Criminal Procedure requires the judge presiding to make personal inquiry of the defendant and insure that the defendant is aware of the nature of the charge, the mandatory minimum and maximum penalty, if any, the right to plead not guilty, to have a jury trial, the assistance of counsel, the right to compel the attendance of witnesses, to examine and cross examine witnesses and the right not to be subject to self-incrimination. As we read *Purvis,* supra, it is not sufficient to allow the prosecutor or defense counsel to fill these gaps on behalf of the trial judge, but the trial court must satisfy itself. This may be done by questioning the defendant, the defense counsel (*Roberts v. Greenway,* 233 Ga. 473, 476 (211 SE2d 764)), or any other legitimate source available to the trial court that can furnish evidence that the constitutional rights of the defendant have been satisfied. *Bailey v. Baker,* 232 Ga. 84 (205 SE2d 278).

As indicated above, because the appellants filed their motion to withdraw their guilty pleas after the entry of sentence, the grant or denial of that motion lay within the sound discretion of the trial court. Before we can determine if the state met its burden in showing that the pleas were procedurally voluntary following the disputing of such voluntariness by the defendants, it was necessary for the trial court to conduct a hearing and establish that all the requisites of voluntariness had been met. In the absence of such a hearing we are unable to make a determination as to whether the trial court properly exercised its discretion or abused the same. Accordingly, we remand the record to the trial court for purposes of holding the necessary hearing, and thereafter, exercise its discretion in ruling upon the motion based upon the evidence developed at the hearing. The action of the trial court in denying the motion to withdraw the guilty pleas without the necessary hearing

is reversed, and the case remanded for appropriate action in accordance with this decision.

*Judgment reversed and remanded. Quillian, P. J., and Smith, J., concur.*

SUBMITTED MARCH 12, 1979 — DECIDED APRIL 13, 1979.

*Barnes & Browning, Roy E. Barnes, Gregory C. Chastain,* for appellants.

*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.