## 58554. GERMANY v. THE STATE.

BANKE, Judge.

The appellant waived counsel and pled guilty to an indictment for fraud in obtaining public assistance. She was sentenced to two years' imprisonment. On appeal from the denial of her motion to be allowed to withdraw her guilty plea, she contends that the court erred in failing to make any personal inquiry as to whether she fully understood the consequences of her plea and of her waiver of counsel. The district attorney made such inquiries, but the court itself did not. Also enumerated as error is the denial of the appellant's motion for supersedeas bond pending the outcome of this appeal. *Held:*

1. "As held in *Purvis v. Connell,* 227 Ga. 764, 766 (182 SE2d 892): 'It is clear . . . that a state trial judge, in accepting a plea of guilty, now has the same duty in this respect that a federal trial judge has under Rule 11 of the Federal Rules of Criminal Procedure. That rule, in essential part, is as follows "The court . . . shall not accept [a plea of guilty] *without first addressing the defendant personally* and determining that the plea is made voluntarily with understanding of the nature of the

charge and the consequences of the plea ... The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." ' (Emphasis supplied.) We further note that Rule 11 of the Federal Rules of Criminal Procedure requires the judge presiding to make *personal* inquiry of the defendant and insure that the defendant is aware of the nature of the charge, the mandatory minimum and maximum penalty, if any, the right to plead not guilty, to have a jury trial, the assistance of counsel, the right to compel the attendance of witnesses, to examine and cross examine witnesses and the right not to be subject to self-incrimination. As we read *Purvis,* supra, it is not sufficient to allow the prosecutor or defense counsel to fill these gaps on behalf of the trial judge, but the trial court must satisfy itself. This may be done by questioning the defendant, the defense counsel( *Roberts v. Greenway,* 233 Ga. 473, 476 (211 SE2d 764)), or any other legitimate source available to the trial court that can furnish evidence that the constitutional rights of the defendant have been satisfied. *Bailey v. Baker,* 232 Ga. 84 (205 SE2d 278)." *Weathers v. State,* 149 Ga. App. 617, 618 (255 SE2d 90) (1979).

The state argues that *Purvis* and *Weathers* do not require that the judge himself inquire into the defendant's understanding of what he or she is doing but only that the judge personally address the defendant at some point in the proceedings. We must reject this interpretation as being opposed to the clear and unambiguous language of *Weathers* quoted above. The state further contends that to require the trial judge to conduct the inquiry personally rather than allowing the district attorney to do it is inefficient and thus "counter productive to the intent and goals of the judicial process." With this assertion we also take exception. The appellant in this case contends, and the state does not deny, that she went to the courthouse with no intention of dealing with a criminal prosecution but merely to comply with instructions from the Carroll County Department of Family and Children Services to make arrangements with the district attorney to repay the public assistance funds which she was charged with having unlawfully received. There is no indication in the record or transcript

that she had ever been arrested or that she was otherwise aware of the indictment against her. In seeking the district attorney, she walked into an arraignment hearing without counsel, entered a plea of guilty, and was sentenced. In our opinion, time would have been saved and the appearance of injustice avoided had the experienced trial judge questioned the appellant personally prior to accepting her plea, as required by *Purvis* and *Weathers,* supra, rather than allowing the district attorney to do it.

2. The denial of the motion for supersedeas bond is now moot due to action previously taken by this court.

*Judgment reversed. McMurray, P. J., and Underwood, J., concur.*

Submitted September 26, 1979 — Decided October 19, 1979 —

*Charles H. Lumpkin, Jr.,* for appellant.

*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.