## 59034. DANKERT v. THE STATE.

SOGNIER, Judge.

Appellant pleaded guilty to three counts of child molestation. He appeals pro se, contending the trial court erred by accepting his plea of guilty and by denying his motion to withdraw his plea of

guilty.

1. The transcript of the record shows that at the time the plea of guilty was entered Dankert was represented by retained counsel; he was advised fully of the charge against him; he was advised of all of his constitutional rights; and he was advised of the minimum and maximum sentence he could receive on each count. After entry of the plea and sentencing, Dankert was advised of his right to have his sentence reviewed by a sentence review board, and of his right to appeal. We find nothing in the record to indicate that appellant did not understand his rights, or that his plea of guilty to each count was not entered voluntarily and providently. Additionally, Dankert acknowledged that the court and the prosecuting attorney were fair, and "I got myself in this terrible situation. That's all there is to it."

2. With regard to withdrawal of Dankert's guilty plea, Code § 27-1404 provides that after the sentence has been entered, the withdrawal of the plea within the same term of court rests within the sound discretion of the trial court. *Weathers v. State,* 149 Ga. App. 617, 618 (255 SE2d 90) (1979). The only evidence presented at the hearing on the motion to withdraw the plea was Dankert's own statement. However, the same trial judge who accepted the plea of guilty heard the motion to withdraw the plea, and was well aware of what transpired when the plea was entered. The trial judge directed that a transcript of the hearing on the plea of guilty be attached to this record; as stated in Division 1, the transcript showed that the plea of guilty was entered knowingly, voluntarily and after Dankert was fully advised of his rights. Accordingly, the court did not abuse its discretion in denying the motion to withdraw the pleas of guilty.

*Judgment affirmed. Deen, C. J., and Birdsong, J., concur.*

SUBMITTED JANUARY 10, 1980 — DECIDED APRIL 23, 1980 —

Richard L. Dankert, *pro se.*

*Thomas J. Charron, District Attorney, Amy A. Hembree, Assistant District Attorney,* for appellee.