## 58554. GERMANY v. THE STATE.

BANKE, Judge.

This is an appeal from the denial of the defendant's motion to withdraw her guilty plea in a prosecution for welfare fraud. The defendant was not represented by counsel at the arraignment and on questioning by the district attorney agreed to waive her right to counsel.

We previously reversed the conviction on the ground that the trial court had failed to address the defendant personally to determine whether she understood either the nature of the charge or the rights which she was waiving, as required by *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892) (1971) and *Weathers v. State,* 149 Ga. App. 617 (255 SE2d 90) (1979). See *Germany v. State,* 151 Ga. App. 866 (261 SE2d 774) (1979). On certiorari, however, the Supreme Court reversed, holding that *Purvis* and *Weathers* would no longer be followed. *State v. Germany,* 245 Ga. 326 (265 SE2d 13) (1980). The case has now been returned to us on remittitur, and the defendant has filed a motion calling on us to decide whether the state met its burden of proving that she entered her plea knowingly, intelligently, and voluntarily, an issue not reached on the previous

appearance of the case before us.

At the hearing on her motion to withdraw her plea, the defendant testified that she had never before been charged with a criminal offense and did not know when she came to the courthouse on arraignment day that she would be called on to plead to a serious criminal charge, having been told by someone at the Department of Family and Children Services that she was merely to talk to the district attorney about paying the money back. Asked why she had not talked to an attorney about the matter, she responded, "Because I didn't think I had to talk to one. I thought I was just coming to talk to the district attorney first to try and pay the money back. I didn't know I was under that serious a crime." The state did not controvert any of this testimony. Indeed, the assistant district attorney stated, "I am also a little bit disturbed about what happened. I am not saying the Family and Children Services Department is doing anything wrong. I think there is a lack of understanding on their part as to what we do and I don't think they impart the proper knowledge to a defendant, and we have had that problem before." He further indicated to the court that because the defendant had not been represented by counsel, he thought that the case would be reversed if she were not allowed to withdraw the plea. *Held:*

The absence of counsel was clearly detrimental to the defendant, for although her right to counsel and to a jury trial were explained to her, she was not made aware of her right to withdraw her guilty plea before the sentence was reduced to writing and filed with the clerk. See Code § 27-1404; *Williams v. State,* 148 Ga. App. 521 (251 SE2d 601) (1978). Under the totality of the circumstances under which the defendant's plea was received, we find that the state failed to carry its burden of showing that the plea was intelligently and voluntarily entered; therefore, we hold that the trial court abused its discretion in denying the motion to withdraw it. See generally *Roberts v. Greenway,* 233 Ga. 473 (211 SE2d 764) (1975).

*Judgment reversed. McMurray, P. J., and Smith, J., concur.*

Submitted September 26, 1979 — Decided May 12, 1980 —

*Charles H. Lumpkin, Jr., Frank M. Samford, III,* for appellant.
*William F. Lee, Jr., District Attorney, Michael G. Kam, Assistant District Attorney,* for appellee.