## 63067. GOSS v. THE STATE.

QUILLIAN, Chief Judge.

Pursuant to "plea bargaining," the defendant plead guilty to one count of an indictment charging him with aggravated assault and two other counts were dismissed by the state. After the trial judge sentenced the defendant to serve 10 years, a motion to withdraw the plea of guilty was filed. This motion was denied and appeal was brought to this court. *Held:*

It is well established "that a ruling on a motion to withdraw a plea of guilty after pronouncement of sentence is always within the sound legal discretion of the trial court." *Smith v. State,* 231 Ga. 23, 24 (200 SE2d 119). Accord, *State v. Germany,* 246 Ga. 455, 456 (1) (271 SE2d 851). However, the exercise of that discretion is primarily controlled by the constitutional principles enumerated in McCarthy v. United States, 394 U. S. 459 (89 SC 1166, 22 LE2d 418) and Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274).

Since Boykin, 395 U. S. 238, 242, supra, is the landmark case in the area we quote its essential pronouncements: "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment . . . Admissibility of a confession must be based on a 'reliable determination on the voluntariness issue which satisfies the constitutional rights of the defendant.' . . . The requirement that the prosecution spread on the record the prerequisites of a valid waiver is no constitutional innovation . . . 'Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.' (Citations omitted).

"We think that the same standard must be applied to determining whether a guilty plea is voluntarily made. For, as we have said, a plea of guilty is more than an admission of conduct; it is a conviction. Ignorance, incomprehension, coercion, terror, inducements, subtle or blatant threats might be a perfect cover-up of unconstitutionality. The question of an effective waiver of a federal constitutional right in a proceeding is of course governed by federal standards. Douglas v. Alabama, 380 U. S. 415, 422.

"Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the states by reason of the Fourteenth. *Malloy v. Hogan,* 378 U. S. 1. Second, is the

right to trial by jury. Duncan v. Louisiana, 391 U. S. 145. Third, is the right to confront one's accusers. Pointer v. Texas, 380 U. S. 400. We cannot presume a waiver of these three important federal rights from a silent record."

In applying Boykin the Georgia Supreme Court has held: "After a prisoner raises the question of the validity of his plea of guilty, the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary. Although it is preferable to have a knowing and intelligent plea of guilty shown on the record of the guilty plea hearing, so as to terminate the issue once and for all, Boykin as construed by *Purvis v. Connell,* 227 Ga. 764 (182 SE2d 892); *Huff v. Barnett,* 230 Ga. 446 (197 SE2d 345); and *Bailey v. Baker,* 232 Ga. 84 (205 SE2d 278), does not require this as the sole means of making this determination." *Roberts v. Greenway,* 233 Ga. 473, 475 (1) (211 SE2d 764). Accord, *Conlogue v. State,* 243 Ga. 141 (2) (253 SE2d 168).

Here we have first examined the record of the guilty plea proceedings and found the trial judge interrogated the defendant by a series of 12 questions. However, a waiver of the constitutional rights enumerated in Boykin is not found. Likewise, on the subsequent hearing of the motion to withdraw the guilty plea, there was a failure to establish that the defendant was apprised of and explicitly waived these constitutional rights.

Although this may appear to be a technical reason for voiding the defendant's plea of guilty, we are constrained by Boykin's mandate to find there was no knowing, express waiver by the defendant of his rights.

For the benefit of the Bench and Bar we emphasize the need for these vital issues to be covered prior to receiving the guilty plea. Without intimating any formal approval, it should be noted that the Georgia Superior Court Criminal Benchbook contains a comprehensive list of questions and areas to be covered where pleas of guilty are offered.

Solely for the reasons hereinbefore stated, the trial judge abused his discretion by not permitting the defendant to withdraw his plea of guilty.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

Decided February 3, 1982 —

*Richard L. Moore,* for appellant.

*Thomas J. Charron, District Attorney, Joseph L. Chambers, Assistant District Attorney,* for appellee.

ON MOTION FOR REHEARING.

The State has filed a motion for rehearing which was one day after the expiration of the period when such motion could be filed. However, despite the untimeliness of the motion, because of the gravity of the issues herein involved we are reconsidering our former judgment and treat the motion as a brief for our information only.

With regard to cases cited as being opposed to our position, we are not persuaded by a specially concurring opinion in State v. Johnson, 257 S2d 654 (La. 1972) which is directly contrary to a 1971 Louisiana Supreme Court opinion (State ex rel. Jackson v. Henderson, 255 S2d 85) holding that before accepting a guilty plea the failure to inform an accused of his Constitutional rights enumerated in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) was error per se. We are also not concerned with Federal cases decided just after Boykin, and apparently oblivious to it, and prior to the 1975 change in Rule 11 of Federal Rules of Criminal Procedure or those thereafter which appear to ignore the plain mandate of Boykin and Rule 11.

We observe that Rule 11 (c) (3) provides: "(c) Advice to Defendant. Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following: (3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself." As Moore's treatise points out: "Subdivisions (c) (3) and (4) [added in 1975] specify the constitutional rights that the defendant waives by a plea of guilty or nolo contendere. These subdivisions are designed to satisfy the requirements of understanding waiver set forth in Boykin v. Alabama, [supra]." 8 Moore's Federal Practice, § 11.01 (4), p. 11-10. As is stated more succinctly in this same work: "Rule 11 (c) (3) represents a codification of all those warnings constitutionally required by Boykin v. Alabama." 8 Moore's Federal Practice, § 11.02 (1), p. 11-27.

Therefore, we reach the principal source of our concern—a recent

Georgia Supreme Court case, an authority which was not cited by the State. That case, *Goodman v. Davis,* 249 Ga. 11 (287 SE2d 26), holds that the failure to inform an accused of one of the three constitutional rights herein involved (the accused was informed of the other two) was not error. After pointing out that the accused did not allege he had been in any way prejudiced by the failure of the trial court to advise him of his right to remain silent, the Supreme Court held: "We decline to adopt a rule which would demand that failure to advise an accused of his right against self-incrimination invalidates a guilty plea in a case where the record reflects that the central considerations of Boykin have otherwise been met." The Court then held that failing to advise the accused of his right against self-incrimination was "under the facts of this case, harmless beyond a reasonable doubt."

The Court, nevertheless, added this caveat: "We are careful to point out, however, that our opinion should not be construed as approving anything less than a scrupulous inquiry by the trial court into defendant's understanding of the charges against him and knowledge of the consequences of his guilty plea. The record should clearly demonstrate that the guilty plea was knowingly and voluntarily made. These goals can best be facilitated by advising the defendant of the constitutional rights which are waived by pleading guilty and by recording the dialogue between the defendant and the trial court to illustrate that the defendant understands the significance of the rights he is waiving."

Having thus been warned in our endeavor to pass safely by the Scylla of Boykin, supra, and the Charybdis of *Goodman,* supra, it is understandable that we pause to reassess our former stand. Nevertheless, the Georgia Supreme Court did not countenance the omission of all three constitutional rights as was done here. Hence, we reaffirm our holding that the total failure to inform the accused of any of the three constitutional rights set forth in Boykin is such harmful error as to require that the accused be permitted to withdraw his plea. As stated in Brady v. United States, 397 U. S. 742, 748 (25 LE2d 747, 90 SC 1463), "waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."

*Judgment adhered to.*