63432. VANVELSOR v. THE STATE.

MCMURRAY, Presiding Judge.

The defendant entered a guilty plea to two counts of an accusation of theft by taking. At the time she entered the plea she was

required to be placed under oath, by her counsel, after first having sworn to a number of written questions in affidavit form with reference to the plea of guilty. It is noted here that the questionnaire which she was required to answer did not conform to Rule 11 of the Federal Rules of Criminal Procedure as found in 18 USCA, nor to Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274). However, during the hearing with reference to the entering of the plea of guilty, a presentence investigation was ordered. After being duly sworn she was examined by the court with reference to a number of questions including one that if she wanted a jury trial one would be provided for her and she understood this question; that she had a constitutional right to a trial by jury which she was giving up by pleading guilty and that she did desire to give up that right; that she would plead guilty and was satisfied with the services of her attorney rendered on her behalf. Defendant was then instructed by the court that the court intended to spread the guilty plea on the minutes of the court and it would not be revocable to which the defendant answered that she understood this in the event she was dissatisfied with the sentence. However, at that time no sentence was pronounced. Some 17 days later, upon receipt of the presentence investigation, the court sentenced the defendant to serve a term of 12 months in confinement at which time her counsel sought to withdraw the plea. Whereupon the court refused to allow the withdrawal of the plea recalling that the plea of guilty had been entered on the minutes and he was not going to allow her to withdraw same.

The defendant appeals, contending that the trial court erred in refusing to hold a separate hearing on her request to withdraw her guilty plea and in failing to impose upon the state the burden of proving at a separate hearing that the defendant's guilty plea was intelligently and voluntarily entered. *Held:*

A supplemental record has been forwarded to this court entitled the "Boykin Rights and Judge's Certificate." This has reference to the questionnaire and certificate of the trial court used generally in the courts of Cobb County which have previously been discussed by this court in *Goss v. State,* 161 Ga. App. 539 (288 SE2d 253) (cert. den. on April 8, 1982, by the Supreme Court of Georgia), wherein there was a full discussion in that case of Boykin v. Alabama, 395 U. S. 238, supra. In that case we reversed the denial of a motion to withdraw a plea of guilty entered in the superior court. We also discussed therein the cases of *Germany v. State,* 151 Ga. App. 866 (261 SE2d 774), which was reversed by *State v. Germany,* 245 Ga. 326 (265 SE2d 13), holding that Rule 11 of the Federal Rules of Criminal Procedure, 18 USCA, did not have to be literally complied with by the state courts. Thereafter, *Germany v. State,* 154 Ga. App. 579 (269

SE2d 75), was affirmed by the Supreme Court in *State v. Germany,* 246 Ga. 455, 456 (271 SE2d 851). In *Goss v. State,* 161 Ga. App. 539, supra, we also referred to the Georgia Superior Court Criminal Benchbook which likewise contains a comprehensive list of questions and areas to be covered where pleas of guilty are offered.

While the defendant here in the case sub judice was represented by able counsel and the trial court did call attention that the defendant must waive her constitutional right to trial by jury, nevertheless the court failed to address the other constitutional rights set forth in Boykin v. Alabama, 395 U. S. 238 (2), 242-243, supra, and require a waiver of same. The trial court did not advise her of other constitutional rights such as "right to confront one's accusers — all of which are involved when a guilty plea is entered in a state criminal trial," and the defendant's "privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth." Therefore, under *Goss v. State,* 161 Ga. App. 539, supra, and Boykin v. Alabama, 395 U. S. 238 (2, 3), 242-244, supra, the trial court erred in refusing to hold a separate hearing upon her request to withdraw her guilty plea and to impose upon the state the burden of proving at a separate hearing that the defendant's guilty pleas were intelligently and voluntarily entered. Notwithstanding the fact that some of her constitutional rights were protected, nevertheless all of such rights have been shown to have not been considered with reference to her plea of guilty. The general rule is that after a sentence is pronounced after a plea of guilty allowance of the withdrawal of that plea rests within the sound discretion of the trial court. See *Weathers v. State,* 149 Ga. App. 617, 619-620 (255 SE2d 90). Unlike the cases of *Germany v. State,* 154 Ga. App. 579, supra, *Weathers v. State,* 149 Ga. App. 617, supra, and *Goss v. State,* 161 Ga. App. 539, supra, there has been no written formal motion for withdrawal of the plea wherein the defendant contends her plea was not "intelligently and voluntarily entered." Here the sentencing phase of the case was in two segments. The first segment occurred on July 7, 1981, in which the trial court ordered a presentence inquiry, investigation and report to be made to the court prior to July 24, 1981, when the defendant would be sentenced. At that point in time the trial court stated, when directing the clerk to spread the guilty plea on the minutes of the court, "it will not be revocable . . . you have pled guilty, and you are not going to be able to revoke it." Thereafter, at the second hearing on July 24, 1981, after the sentence was orally pronounced in which the court stated it had no intention of probating the sentence, her counsel requested that the defendant be allowed to withdraw the plea, the Court replied: "No, sir, I told her last time that she could not withdraw it,

and it had been entered on the minutes, and that is the sentence of the Court." Counsel then again respectfully requested that the defendant be allowed to withdraw the plea of guilty notwithstanding the ruling of the court, and the court again denied the request to withdraw, stating only that the defendant might make a formal motion for new trial. Until *State v. Germany,* 246 Ga. 455, supra, the oral announcement of sentence was not the judgment of the court since the law until that time as to what the judge orally declares was no judgment "until it [was] put in writing and entered as such." See *Freeman v. Brown,* 115 Ga. 23, 27 (41 SE 385) (a civil case); *Clark v. State,* 72 Ga. App. 603 (2) (34 SE2d 608). A defendant at any time before judgment is pronounced against him has the right to withdraw his plea of guilty. See *Nobles v. State,* 17 Ga. App. 382 (86 SE 1073). See Code § 27-1404; *Fowler v. State,* 41 Ga. App. 333 (153 SE 90). Compare *Griffin v. State,* 12 Ga. App. 615 (77 SE 1080). Here the trial court abused its discretion in advising counsel that upon entrance of the plea even though sentence had not been pronounced at that time, July 7, 1981, that the defendant was not going to be able to revoke her plea and again on July 24, 1981, after orally pronouncing sentence (see *State v. Germany,* 246 Ga. 455, supra) he again denied forthwith the request to withdraw the plea. Therefore, there was an abuse of discretion in refusing to even consider the motion and "[u]nder the totality of the circumstances under which the defendant's plea was received . . . the state failed to carry its burden of showing that the plea was intelligently and voluntarily entered." *Germany v. State,* 154 Ga. App. 579, 580, supra; s.c. 246 Ga. 455, 456, supra. The record here establishes that at the time of sentencing the trial court absolutely refused a plea withdrawal motion and the record as established at that point in time shows clearly that the plea had not been voluntarily and intelligently entered and the defendant had not waived the requisite constitutional rights set forth in Boykin v. Alabama, 395 U. S. 238, supra. Based upon the above, this case is, therefore reversed and remanded for the purpose of holding an evidentiary hearing on the merits of the defendant's motion to withdraw a plea of guilty as the state may be able to "fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." *Goss v. State,* 161 Ga. App. 539, supra, at page 540. The waiver of all the constitutional rights enumerated in Boykin v. Alabama, 395 U. S. 238, supra, is not shown by the record before us.

*Judgment reversed and case remanded. Banke and Birdsong, JJ., concur.*

DECIDED MAY 27, 1982.

*George W. Darden,* for appellant.
*Herbert Rivers, Solicitor, J. Lynn Rainey, Assistant Solicitor,* for appellee.