## 64132. HALL v. THE STATE.

McMurray, Presiding Judge.

By accusation the defendant was charged with operating a motorboat under the influence of alcohol. He entered a plea of guilty, and sentence was orally pronounced after his constitutional rights were read to him. He was sentenced to pay a fine of $500 and serve 12 months in confinement and upon the payment of the $500 fine the 12 months in confinement would be suspended.

Defendant then sought to withdraw his plea of guilty previously entered by filing a written declaration of withdrawal. Thereafter he also made a demand for trial and a motion to return the fine and to set the case down for trial.

The sentencing occurred on September 29, 1981, and the proceedings were duly transcribed by the court reporter, wherein it was shown that all of his constitutional (Boykin) rights had been given him before his plea of guilty was accepted. However, at that time defendant's counsel did make a request that the court accept a nolo contendere plea in lieu of the plea of guilty, but this was refused.

We find no motion to vacate and set aside the plea of guilty, but on December 2, 1981, another judge, acting due to the absence of the duly and qualified sentencing judge, treating the withdrawal of the plea as a motion, ordered that the defendant "may withdraw his former plea of guilty in this matter and hereby enters a plea of nolo [contendere] to the offense." Thereafter, the same judge (acting in the absence of the sentencing judge), on January 6, 1982, issued a nunc pro tunc order as to the December 2, 1981 order, vacating and setting same aside, stating therein that he "did not have any knowledge of any facts surrounding this case and what had occurred in this matter [before the sentencing judge] and was not aware of orders entered refusing a nolo contendere plea in open court on the date" of the sentencing. The regular judge of said court (sentencing judge) likewise entered a nunc pro tunc order on January 6, 1982, as of "2 December 1981" vacating and setting aside the acting judge's December 2, 1981 order, and reinstated the plea of guilty. The defendant appeals. *Held:*

1. Error is enumerated to the refusal of the court to allow the defendant to withdraw his plea of guilty on September 29, 1981. The main contention of the defendant is that since it had not been signed that he had an absolute right to withdraw the plea and enter a plea of nolo contendere. By brief counsel for defendant set forth he was aware that the Supreme Court in *State v. Germany,* 246 Ga. 455 (271 SE2d 851) held the oral announcement of sentence is a pronouncement in open court and, "therefore, a defendant does not

have an absolute statutory right ... to withdraw a guilty plea, after the trial court's oral announcement of the same." In that case the Supreme Court overruled certain cases. The defendant here contends that the *Germany* decision "places a Defendant in the untenable position of having to enter his guilty plea and being unable to withdraw it after pronouncement of the sentence by the Trial Court, but then later running the risk of having that sentence that was pronounced changed by the unconditional written sentence of the Court which may not coincide with the negotiated sentence and thereby would cause every such plea to not have been freely and voluntarily given." This court cannot disregard the ruling of the Supreme Court but accepts the case law as written by that court. The record sets forth that the substantive requirements of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274), concerning the defendant's guilty plea were fully met and his constitutional rights were waived. This case is quite different from the recent cases of *Vanvelsor v. State,* 162 Ga. App. 467 (291 SE2d 772), and *Goss v. State,* 161 Ga. App. 539 (288 SE2d 253). There is no merit in this complaint.

2. The defendant was sentenced on September 29, 1981, and on that occasion the fine was paid. The defendant had no absolute right to withdraw the plea and he was duly sentenced by a pronouncement in open court later reduced to writing and entered in the minutes of the court. Under Code Ann. § 27-1408 (Ga. L. 1946, p. 142) the defendant may only "with the consent and approval of the judge of said court, enter a plea of nolo contendere instead of a plea of guilty or not guilty." Therefore, the trial court (sentencing judge) did not err in vacating and setting aside the judge's (acting in the absence of the sentencing judge) allowance of the change of the plea of guilty and acceptance of a nolo contendere plea, and in reinstating the plea of guilty.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JULY 13, 1982.

*B. Andrew Prince,* for appellant.
*Howard Oliver, Jr., Solicitor,* for appellee.