### 65442. WOOTEN v. THE STATE.

MCMURRAY, Presiding Judge.

This case is here again for review after it was remanded in *Wooten v. State,* 162 Ga. App. 719 (293 SE2d 11), with direction that the trial court have a hearing on the question of whether "defendant personally, knowingly, voluntarily, and intelligently participated" in the waiver of a jury trial by his then counsel.

When the case was called for trial counsel for the state announced to the court that the defense wished "to waive a jury," at which time defense counsel announced in the presence of the

defendant "that is correct, your Honor." Whereupon, the trial was conducted before the court without a jury. This court held in the first appearance of *Wooten v. State,* supra, that the record indicated a valid waiver may have occurred but a hearing should be conducted to determine whether defendant personally, knowingly, voluntarily and intelligently participated in such waiver. This court noted that the Georgia Superior Courts' Criminal Benchbook provides a guide to be followed where the defendant waives a jury trial. See §§ 28.10, 28.11. The record failed to disclose that counsel had obtained the oral concurrence of the defendant or if counsel had obtained such concurrence it was not a part of the record and transcript. Nor did the defendant sign the waiver form shown in § 28.11.

On the return of the remittitur a hearing was then held in which defendant's former counsel (who had entered the waiver) was called as a witness. The witness testified as to his appointment, his jail visits and discussions with the defendant and that the defendant wanted to have a bench trial; that he informed the defendant of his right to have a jury trial, right to confront and cross-examine the witnesses, right to have his witnesses present to testify for him, his right to testify as a witness or to remain silent and his discussions with the defendant with reference to the difference between a jury trial and a bench trial and made some suggestions as to whether the defendant should or should not consider a bench trial. His memory was that he convinced the defendant "to seriously consider a bench trial," and advised him from his professional experience the probable consequences of the jury trial versus the bench trial. He also testified that it was his opinion that the defendant understood he would have the right to a jury trial but he voluntarily and intelligently waived that right. The defendant was then called and completely controverted his counsel's testimony, contending that at all times he was contending to counsel that he wanted a jury trial. Whereupon, the court ruled in open court after the completion of the evidence that the defendant had voluntarily and intelligently waived his right to a jury trial in lieu of the bench trial. Again the defendant appeals enumerating that the trial court erred in finding that he had personally, knowingly, voluntarily and intelligently waived his right to trial by jury. *Held:*

While the guide to be used by a trial court in §§ 28.10 and 28.11 of the Georgia Superior Courts' Criminal Benchbook would clearly show a voluntary waiver and the better practice by the trial courts would be to clearly follow such a guide, nevertheless the trial court believed the testimony of defendant's former counsel that the defendant had been consulted and had waived a jury trial voluntarily, believing a bench trial would be more favorable to him. True, the

record does not disclose the oral concurrence of the defendant at trial, but we find no error in the court's determination at this hearing that the defendant had voluntarily and intelligently waived trial by jury in favor of a bench trial. See in this connection *Goodman v. Davis,* 249 Ga. 11 (287 SE2d 26). Compare *Vanvelsor v. State,* 162 Ga. App. 467 (291 SE2d 772), in which a number of cases are discussed with respect to the intelligent and voluntary entry of a plea of guilty.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 4, 1983.

*Walter M. Henritze, Jr., Donald C. Turner,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Jerry W. Baxter, Assistant District Attorneys,* for appellee.