66192. HILL v. THE STATE.

CARLEY, Judge.
Appellant was indicted for twenty-one counts of forgery in the first degree. Pursuant to negotiations, an agreement was reached whereby appellant would enter guilty pleas as to two of the counts. In return, the state agreed to recommend that the sentences on those two counts run concurrently, and that a nolle prosequi would be entered as to each of the remaining counts. A hearing was held, wherein the trial court required the disclosure of the plea agreement between appellant and the state. After determining that appellant's guilty pleas were being voluntarily, freely and intelligently entered, the trial court orally pronounced concurrent sentences upon appellant in full accordance with the terms of the plea agreement. Compare *Stephens v. State,* 162 Ga. App. 578 (292 SE2d 420) (1982). Appellant immediately sought to withdraw his guilty pleas but the trial court refused to allow him to do so. Appellant appeals, enumerating as error the refusal of the trial court to permit the withdrawal of the guilty pleas.

OCGA § 17-7-93 (Code Ann. § 27-1404) provides in relevant part: "At any time before judgment is *pronounced,* the accused person may withdraw the plea of 'guilty' and plead 'not guilty'. . ." (Emphasis supplied.) "[T]he term, 'pronounced,' as employed by the Legislature in [OCGA § 17-7-93 (Code Ann. § 27-1404)], means 'orally announced' and . . ., therefore, a defendant does not have an absolute statutory right, under said Code Section, to withdraw a guilty plea, after the trial court's oral announcement of the same. [Cits.]" *State v. Germany,* 246 Ga. 455 (271 SE2d 851) (1980). Appellant asserts that this court should decline to follow the ruling in *State v. Germany,* supra, and return to the rule that an accused can withdraw his plea at any time prior to the entry of written judgment upon the court record. This court is, of course, bound by the holding of our Supreme Court in *State v. Germany,* and must follow it in the instant case. See *Hall v. State,* 163 Ga. App. 59, 60 (293 SE2d 874) (1982). Accordingly, the only issue presented for review is whether

the trial court abused its discretion in refusing to allow appellant to withdraw his guilty plea after sentence had been pronounced. See generally *Collins v. State,* 163 Ga. App. 403 (294 SE2d 623) (1982). We find no such abuse of discretion. See generally *Kight v. State,* 158 Ga. App. 698 (282 SE2d 176) (1981).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 7, 1983.

*Richard L. Powell,* for appellant.

*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney,* for appellee.