Richard L. DANKERT,
Petitioner-Appellant,

v.

Jim WHARTON, Warden,
Respondent-Appellee.

No. 83–8640

Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 8, 1984.

Vernon S. Pitts, Jr., Federal Public Defender, Atlanta, Ga., for petitioner-appellant.

Mary Beth Westmoreland, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before HATCHETT, ANDERSON and CLARK, Circuit Judges.

PER CURIAM:

Richard L. Dankert appeals the district court's denial of his habeas corpus petition. In February of 1978, Dankert pled guilty in state court to charges of child molestation and is now serving three concurrent 20-year sentences in state prison. We affirm the district court's denial of his habeas petition.

Dankert raises three issues for consideration on appeal.[1] He claims that: (1) he received ineffective assistance prior to his guilty plea; (2) his guilty plea was not voluntary; and (3) he was denied the assistance of counsel to pursue his post-conviction motion to withdraw his guilty plea. On the first two issues we affirm for the reasons set out in the unpublished Magistrate's Report & Recommendation as adopted by the district court.[2] We discuss only the third issue.

Dankert argues that his right to counsel was violated when the state trial court refused to appoint counsel for him to argue his motion to withdraw his guilty plea.[3] It is well established that an indigent criminal defendant must be appointed counsel on appeal if that appeal is allowed as a matter of right. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). However, this court has long held that the state need not appoint counsel for indigent defendants in post-conviction and collateral proceedings. *See Norris v. Wainwright*, 588 F.2d 130, 132 (5th Cir.)[4] ("there is no constitutional right to an appointed counsel at a state habeas corpus action"), *cert. denied*, 444 U.S. 846, 100 S.Ct. 93, 62 L.Ed.2d 60 (1979); *Ardister v. Hopper*, 500 F.2d 229, 233 (5th Cir.1974) (same); *Stanley v. Wainwright*, 406 F.2d 8, 10 (5th Cir.1969) ("there is no absolute constitutional right to counsel at post-conviction proceedings [in state court]"). The instant case involves the petitioner's attempt to obtain post-conviction relief by withdrawal of his guilty plea. Under Georgia law a petitioner has an absolute right to withdraw a guilty plea before pronouncement of judgment. Off.Code Ga. Ann. § 17-7-93 (1982). However, after sentence is pronounced, withdrawal of a plea is discretionary. *See generally, Dankert v. State*, 154 Ga.App. 392, 268 S.E.2d 435, 436 (1980) (after guilty plea and sentencing, the withdrawal of the plea by a post-conviction motion is a matter of discretion with the trial court); *Weathers v. State*, 149 Ga.App. 617, 255 S.E.2d 90, 91 (1979) (same). By analogy to the cases holding that there is no right to counsel in post-conviction and collateral proceedings, we hold that Dankert had no absolute right to counsel at the post-conviction, discretionary plea withdrawal proceeding.[5] In the

---

1. Dankert also argued at the district court that he was mentally incompetent at the time of the guilty plea, he was improperly denied bond, he was denied a speedy trial, and evidence against him was obtained by an illegal search and seizure. The district court rejected those arguments and Dankert has not reasserted them on this appeal.

2. The discussion in the court below on these issues merely applied established principles of law, and need not be published.

3. Dankert had asked his attorney to file the motion to withdraw the plea after Dankert had read unfavorable newspaper accounts of his conviction. The attorney testified that he had refused to file the motion because he believed it

to be frivolous. Dankert then filed the motion pro se and requested appointment of counsel.

4. In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

5. *Cf. Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct. 1300, 71 L.Ed.2d 475 (1982) (no right to effective representation from attorney filing petition for certiorari to Florida Supreme Court because no right to counsel involved in pursuing discretionary appeal); *Ross v. Moffit*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974) (no right to counsel in discretionary appeals).

absence of an absolute right to counsel, there was no constitutional error in declining to appoint counsel under the circumstances here.

For the foregoing reasons, the district court judgment denying habeas relief is AFFIRMED.