## 31553. MILLER v. THE STATE.

HILL, Justice.

The appellant pled guilty to kidnapping and rape and was sentenced to twenty years in prison by the Cobb County Superior Court on May 6, 1976. A motion to withdraw his plea, filed twenty days later, was denied after a hearing. From this denial Miller appeals, alleging that the trial court abused its discretion in denying the motion to withdraw his guilty pleas.

The trial court found in its order, and there is no contention otherwise, that Miller's statutory and constitutional rights attendant to the guilty plea were met. Miller was ably represented by three attorneys who were given complete access to all information concerning the case. In the guilty plea proceedings, Miller acknowledged the truth and the voluntariness of his confession and pleas of guilty.

The record shows that on February 26, 1976, Miller stopped the truck which he was driving so that it partially blocked the road. A seventeen-year-old apparently virgin girl stopped behind the truck. Miller, carrying a rifle, entered her car and ordered her to drive to another location where he forced her to have sexual relations several times.

The girl went home, immediately told her mother, and was taken to a hospital. Medical reports show that on arrival the girl was apprehensive and crying. She had an eight-inch abrasion on her right forearm, multiple abrasions over her back, a large abrasion on her right knee, multiple scratches on the palms of both hands, vaginal bleeding from a hymenal tear on the right side, other vaginal lacerations and a damaged breast nipple.

Miller now contends that the girl had met him at some unspecified previous time when he stopped to help her fix a flat tire. He says she invited him to have sex. He explains that he did not speak before now for fear of the jury not believing him and his being electrocuted.

Appellant argues that *Rowland v. State,* 72 Ga. App. 793, 803 (35 SE2d 372) (1945), requires a trial judge to withdraw the guilty plea when entered by a defendant under a misapprehension or a remote fear of injury. The *Rowland* case is concerned with influences different from those asserted by Miller. In *Rowland* the defendant was an epileptic who, without counsel, had been encouraged by the sheriff to plead guilty to an assault which might have occurred during an epileptic seizure. However, a plea of guilty entered to avoid a possible death penalty is not for that reason "compelled" within the meaning of the Fifth Amendment. North Carolina v. Alford, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970); Brady v. United States, 397 U. S. 742 (90 SC 1463, 25 LE2d 747) (1970). The trial court did not abuse its discretion in denying appellant's motion to withdraw his plea of guilty. *Smith v. State,* 231 Ga. 23 (200 SE2d 119) (1973); *Ivey v. State,* 230 Ga. 407 (197 SE2d 366) (1973).

*Judgment affirmed. All the Justices concur.*

Submitted October 12, 1976 — Decided October 26, 1976.

*Barnes & Browning, Jordan H. Prosser, Roy E. Barnes, Thomas J. Browning,* for appellant.

*George W. Darden, District Attorney, Richard L. Moore, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.