## 34067. CONLOGUE v. THE STATE.

MARSHALL, Justice.

The appellant and two accomplices were separately indicted on one count of murder and one count of criminal attempt to commit theft. The appellant's two accomplices were convicted of the crimes charged, and one of them received the death penalty for the murder conviction. Upon the advice of court-appointed counsel, the appellant pleaded guilty. During the September term of the Putnam Superior Court, he received a sentence of life imprisonment on the murder conviction and a sentence of 10 years on the criminal-attempt conviction. Subsequently, during the December term of the Putnam Superior Court, the appellant filed a pro se motion to allow him to withdraw his guilty plea. Following a hearing, the trial judge denied this motion. This is the appeal.

1. An accused may at any time before judgment is pronounced withdraw a plea of guilty and plead not guilty. Code § 27-1404. However, after the pronouncement of sentence a motion to withdraw a plea of guilty addresses itself to the sound discretion of the trial court, and this discretion will not be disturbed unless manifestly abused. *Thomas v. State,* 231 Ga. 298 (201 SE2d 415) (1973).

2. Under Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969), this court has determined that, "after a prisoner raises the question of the validity of his plea of guilty, the burden is on the state to show that the plea was intelligently and voluntarily entered. The state may accomplish this end by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) fill a silent record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary." *Roberts v. Greenway,* 233 Ga. 473, 475 (211 SE2d 764) (1975).

3. In the present case, although the trial judge did hold a hearing on the appellant's motion to withdraw the guilty plea, the trial judge was fully authorized to find from the transcript of the guilty plea hearing that the plea

was knowingly and voluntarily entered.

The appellant's motion to withdraw the guilty plea is based on the sole ground that he was induced to enter the plea of guilty because of fear of receiving the death penalty. It has, however, been settled that entry of a plea of guilty to avoid a possible death sentence is not compelled within the meaning of the Fifth Amendment. North Carolina v. Alford, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970); Brady v. United States, 397 U. S. 742 (90 SC 1463, 25 LE2d 747) (1970); *Miller v. State,* 237 Ga. 823 (229 SE2d 648) (1976).

In this appeal, the appellant enumerates error upon: (a) the trial judge's placing the burden on the appellant to show the invalidity of his guilty plea, (b) the trial judge's testifying as a witness for the state at the hearing below, and (3) the trial judge's refusal to appoint counsel to represent the appellant at the hearing on the motion to withdraw the guilty plea.

4. Although apparently the trial judge did orally place the burden on the appellant to show the invalidity of his guilty plea, this was cured by the state's going forward and assuming the burden that the plea was valid. We find this enumeration of error to be without merit.

5. Although it was error for the trial judge to testify as a witness for the state (see *Collins v. State,* 141 Ga. App. 121 (2) (232 SE2d 635) (1977)), we find the error harmless in view of the fact that the trial judge's testimony was in no way material to the issue of whether the appellant's guilty plea was knowingly and voluntarily entered. Cf., *Collins v. State,* supra. (The trial judge was called as a witness by the district attorney in order to determine whether any member of the victim's family had approached the bench during the trial of the appellant's accomplice.) This enumeration of error is therefore without merit.

6. Finally, we conclude that the trial court did not err in refusing to appoint counsel to represent the appellant at the hearing on the motion to withdraw the guilty plea. We arrive at this conclusion because we find that the only prescribed means for the appellant's filing the motion to withdraw his guilty plea, after the term of court at which the judgment of conviction was rendered,

was through habeas corpus proceedings.[1]

It was held in *Griffin v. State,* 12 Ga. App. 615 (1) (77 SE 1080) (1912) that a criminal defendant has a right to file and have determined a motion to withdraw a guilty plea at the term during which the judgment of conviction is rendered. The court reached this conclusion because judgments of criminal conviction are in the breast of the court at the term during which they are rendered and are, therefore, subject to being vacated for good cause shown. Accordingly, it has been held in subsequent decisions that the trial judge abused his discretion in denying a motion to withdraw a guilty plea filed after pronouncement of sentence but during the term at which the judgment was rendered. See *Strickland v. State,* 199 Ga. 792 (35 SE2d 463) (1945); *Hamm v. State,* 123 Ga. App. 10 (179 SE2d 272) (1970); *Bell v. State,* 24 Ga. App. 533 (101 SE 695) (1919); and *Farley v. State,* 23 Ga. App. 151 (97 SE 870) (1919).

We have not been cited to any cases, nor have we found any, holding that the trial judge abused his discretion in denying a motion to withdraw a guilty plea filed after the term of court at which the judgment of conviction was rendered. It would appear to us as though a trial judge could not abuse his discretion in denying or refusing to consider such a motion, since the judgment would have passed out of the control of the court and since

---

[1]A petitioner could move to set aside a guilty plea by filing a motion to set aside the judgment of conviction under Code § 3-702. Motions to set aside judgments under this Code section must be brought within three years from the rendering of the judgment. Such a motion will lie where there is a defect on the face of the record. *Regopoulas v. State,* 116 Ga. 596 (1) (42 SE 1014) (1902). See Ga. Crim. Trial Prac., §§ 28-6, 28-7. The petitioner in this case seeks to set aside his guilty plea for a reason that does not appear on the face of the record, viz., that he had been induced by court-appointed counsel to plead guilty to avoid a possible death sentence. Therefore, a motion to set aside the judgment could not be utilized as a means for setting aside the guilty plea in this case.

there is no statutory provision for the filing of motions to withdraw guilty pleas.

It has been held that a motion for new trial can not be employed as a means of withdrawing a guilty plea; nor can there be an appeal from a judgment entered on a guilty plea. *Wofford v. State,* 141 Ga. App. 207 (233 SE2d 53) (1977); *Galbreath v. State,* 130 Ga. App. 179 (202 SE2d 562) (1973). Thus, we find that the only prescribed means for the appellant in this case to challenge the validity of his guilty plea on the ground alleged was through habeas corpus proceedings. Since an indigent criminal defendant is not entitled to court-appointed counsel in habeas corpus proceedings (*Green v. Caldwell,* 229 Ga. 650 (193 SE2d 847) (1972)), we conclude that the trial court did not err in refusing to appoint counsel here.

We do note that even though the appellant was not represented by counsel at the hearing below, counsel has been appointed to represent him in this appeal.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 15, 1978 — DECIDED FEBRUARY 15, 1979.

*Reginald Bellury,* for appellant.

*Joseph H. Briley, District Attorney, J. Reginald Poss, Assistant District Attorney,* for appellee.