## 57972. OVERBY v. THE STATE.

DEEN, Chief Judge.

Defendant entered a guilty plea to armed robbery and was sentenced to serve 15 years. Included in the sentence was the trial court's recommendation to Department of Offender Rehabilitation that he be permitted to serve his sentence at the Colony Farms Correctional Institute. Fourteen months after the entry of his plea, defendant filed a motion to withdraw his plea. The motion was denied by the trial court because it was filed untimely and out of term. Defendant appeals. *Held:*

1. The trial judge did not abuse his discretion in denying the motion ". . . since the judgment would have passed out of the control of the court and since there is no statutory provision for the filing of motions to withdraw guilty pleas." *Conlogue v. State,* 243 Ga. 141, 143 (253 SE2d 168) (1979).

2. Appellant's dissatisfaction as to his incarceration in an institution other than the one recommended by the court does not render his guilty plea void. There is no evidence that it constituted a part of the inducement to enter the plea. See Santobello v. New York, 404 U. S. 257 (92 SC 495, 30 LE2d 427) (1971). The record shows that the court informed him that it could only make a recommendation, but its recommendation was not binding upon the department. Under Code Ann. § 77-309, the State Board of Corrections maintains control of the prison system and its administrative decisions are final absent a violation of any rights enforceable in the courts. Appellant has waived this enumeration of error because he admits that the trial court and the district attorney have kept their part of the agreement.

3. Appellant's contention that he was denied the effective assistance of counsel is not supported by the record. He contends that he was not able to mount an effective defense because his attorney did not subpoena his witnesses. When he entered his guilty plea, he waived his right to a jury trial, the right to call witnesses and all of his defenses. *Mason v. Banks,* 242 Ga. 292 (248 SE2d 664) (1978). The record shows that he conferred with his attorney before entering his plea and he admitted that he

had been fully apprised of his constitutional rights. We find no merit in this enumeration.

4. Appellant further contends that the trial court erred in accepting his plea of guilty where a special plea of insanity was filed and that the court made no finding that he was competent to stand trial. Issues not raised in the court below may not be raised for the first time on appeal. *Jones v. State,* 141 Ga. App. 284 (233 SE2d 258) (1977). We would like to point out, however, that appellant never received a trial, and that the trial court examined him carefully to determine his competency to enter a plea.

*Judgment affirmed. Birdsong and Carley, JJ., concur. Shulman, J., not participating.*

SUBMITTED MAY 29, 1979 — DECIDED JUNE 13, 1979.

Howard Overby, *pro se.*
*Charles A. Pannell, Jr., District Attorney, Roland R. Castellanos, Assistant District Attorney,* for appellee.