## 58609. GARCIA v. THE STATE.

**Carley,** Judge.

Garcia was convicted in 1974 of a narcotics violation by a federal court in Ohio and sentenced to serve ten years in prison. He was paroled on July 13, 1977, and on October 22, 1977, was arrested in Atlanta for the rape of his twelve-year-old daughter. After grand jury indictment he was tried by a jury, but at the close of the state's evidence negotiated through counsel a plea bargain with the state. The trial court accepted Garcia's plea of guilty and the state's recommendation of an eight-year sentence to be served concurrently with "any federal sentence he may be now serving or required to serve." Although it had apparently been expected that his federal parole would be immediately revoked upon the state's obtaining a conviction so that he would serve the balance of his federal term concurrently with the state sentence, the federal parole authorities exercised their authority under 18 USC § 4210 (b) (2) to defer revocation of Garcia's parole until completion of his state sentence. Garcia then filed a motion to withdraw his plea or, in the alternative, for modification of his sentence to effectuate the plea bargain, contending that the plea negotiations were predicated upon the belief both of court and counsel that his federal parole would be promptly revoked upon the state conviction and on that basis the state had recommended an eight-year sentence be imposed to run concurrently with the federal sentence. The trial court denied the motion, finding that the only issue raised by Garcia was that the federal parole authorities had indefinitely deferred any final disposition of revocation proceedings,

that the plea of guilty was accepted after a determination in open court that the plea was voluntarily made, and that the defendant understood the nature of the charges brought against him and the consequences of the plea of guilty. Garcia appeals, asserting that his guilty plea was not entered with the necessary understanding that a material aspect of what he had bargained for — concurrency with a prior federal sentence — was unenforceable, thereby effectively making the sentences consecutive.

The transcript clearly confirms that Garcia's plea of guilty was intelligently and voluntarily entered. Although his knowledge of the English language was limited, both the state and the defense provided Spanish speaking interpreters to insure that Garcia was tried fairly and was not misinformed as to the direct consequences of his plea nor induced to plead guilty by promises made to him by the court or counsel. The subsequent action of the federal parole authorities was a collateral consequence over which the superior court had no control and, as such, did not affect the voluntariness or validity of the guilty plea entered by Garcia. Accordingly, no manifest abuse of discretion has been shown in the refusal of the trial court to allow the guilty plea to be withdrawn or modified. *Davis v. State,* 151 Ga. App. 736 (1979).

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 2, 1979 — DECIDED JANUARY 8, 1980 —

*James C. Bonner, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.