## 66028. THIGPEN v. THE STATE.

BANKE, Judge.

The defendant pled guilty to driving under the influence, and on January 3, 1980, was sentenced by the State Court of DeKalb County to 12 months probation and payment of a $750 fine. On August 25, 1982, he moved to vacate and set aside that sentence, contending that he was not properly advised of his rights at the time he entered his plea. This appeal is from the denial of that motion. *Held:*

During the term in which they are rendered, judgments of

criminal conviction are in the breast of the trial court and may, therefore, be vacated for good cause shown. *Conlogue v. State,* 243 Ga. 141, 143 (253 SE2d 168) (1979). However, after the original term has passed, a motion to vacate and set aside the judgment is not an appropriate remedy in a criminal case. See *Waye v. State,* 239 Ga. 871, 874 (238 SE2d 923) (1977); *Parker v. State,* 151 Ga. App. 139 (259 SE2d 145) (1979). While such a motion may, in appropriate circumstances, be treated as a habeas corpus petition, the trial court in this case, not being a superior court, had no jurisdiction to adopt such an approach. See generally OCGA § 9-14-43 (Code Ann. § 50-127). It follows that the defendant's motion was properly denied.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 17, 1983.

*B. W. Crecelius, Jr.,* for appellant.

*John R. Thompson, Solicitor, David M. Fuller, Assistant Solicitor,* for appellee.