## 67382. TAYLOR v. THE STATE.

POPE, Judge.

Larry Darnell Taylor brings this appeal from a conviction and sentence based upon his plea of guilty to violating the Georgia Controlled Substances Act. Appellant's seven enumerations of error (1) challenge the validity of the search warrant (and the failure to introduce the warrant into evidence), (2) allege entrapment, (3) allege a failure to receive a reading of his rights pursuant to Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966), upon arrest, and (4) allege "improper court processings." Appellant has also filed with this court a motion to disclose the name of a purported confidential informant and also a motion to "reveal the deal," if any,

made with said informant. Finally, appellant has filed the testimony of a purported witness to appellant's arrest and an apparently related "motion of nunc pro tunc."

We will pretermit the question of whether or not appellant can bring a direct appeal from a conviction based upon a guilty plea (compare *Conlogue v. State,* 243 Ga. 141, 144 (253 SE2d 168) (1979), with *Neal v. State,* 232 Ga. 96 (205 SE2d 284) (1974), and *Fuller v. State,* 159 Ga. App. 512 (284 SE2d 29) (1981)), and focus our discussion on the effect of appellant's guilty plea upon the errors enumerated on appeal. The record here affirmatively discloses that appellant's guilty plea was knowingly and voluntarily entered, a fact appellant does not dispute. Under these circumstances, "a plea of guilty is to be treated as an honest confession of guilt and a waiver of all defenses, known and unknown. [Cit.]" *Hamm v. State,* 123 Ga. App. 10, 11 (179 SE2d 272) (1970). Thus, appellant has waived any objection he may have had to the validity of the search warrant, *Massey v. State,* 137 Ga. App. 484 (224 SE2d 117) (1976), as well as "his right to a jury trial, the right to call witnesses and all of his defenses. [Cit.]" *Overby v. State,* 150 Ga. App. 319 (3) (257 SE2d 386) (1979). See *Addison v. State,* 239 Ga. 622 (238 SE2d 411) (1977). It follows that appellant's various motions have no merit and are hereby denied; the judgment of conviction stands affirmed.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 9, 1984.

Larry D. Taylor, *pro se.*

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney, for appellee.