67872, 67873. BAUGHCUM v. THE STATE (two cases).

McMURRAY, Chief Judge.

Defendant along with another was indicted in three separate indictments for three separate offenses of armed robbery. Thereafter,

on April 23, 1981, upon advice of his appointed counsel, he entered a plea of guilty as to each offense and was sentenced to serve three separate life sentences.

On August 15, 1983, while a prisoner at Hardwick, Georgia, he filed a motion in the original court styled a motion to withdraw the plea nunc pro tunc or cause for out-of-time appeal. The motion was based upon *State v. Germany*, 246 Ga. 455, 456 (2) (271 SE2d 851), with respect to the validity of the plea of guilty and also the inadequacy of his legal counsel. The state moved to dismiss the motion contending that these matters were more appropriately addressed in a petition for habeas corpus filed in the jurisdiction where the defendant was presently incarcerated. The court reviewed the motion to dismiss the defendant's motion and found that the issues raised in the defendant's motion are those which are more appropriately addressed in a petition for habeas corpus brought in the jurisdiction where the defendant is presently incarcerated. The court then granted the state's motion to dismiss and dismissed the motion. In Case No. 67872 defendant appeals, pro se, the dismissal of his motion filing same in the trial court on October 17, 1983. Again on October 25, 1983, he filed another notice of appeal resulting in the two separate appeals before this court. *Held*:

Based on *Conlogue v. State*, 243 Ga. 141, 144 (253 SE2d 168), we find that the defendant's prescribed means to challenge the validity of his guilty plea must now be through habeas corpus proceedings as the time to file a motion to withdraw the guilty plea comes too late. Accordingly, the trial court did not err in granting the state's motion to dismiss defendant's attempt to raise the attacks upon the alleged improper procedure with reference to his plea of guilty and the inadequacy of his counsel in advising him to enter the plea of guilty. We do not consider the merits of his claims which were not considered in the superior court.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED MARCH 12, 1984 —
REHEARING DENIED MARCH 29, 1984 —

Eddie Baughcum, *pro se.*

W. Bryant Huff, *District Attorney*, Johnny R. Moore, Robert V. Rodatus, *Assistant District Attorneys*, for appellee.