## 70256. THE STATE v. KIGHT.
(332 SE2d 363)

BIRDSONG, Presiding Judge.

This is an appeal of the trial court's grant of Tony Lewis Kight's motion to withdraw his October 6, 1982, plea of nolo contendere to a charge of driving under the influence. Because he had a prior conviction for DUI in December 1977, the Department of Public Safety on November 29, 1982, declared Kight an habitual offender and suspended his license for five years. In September 1984, Kight was arrested and charged with violating the Habitual Offender Act. More than two years and many terms of court after his 1982 nolo contendere plea, Kight now claims that he did not understand the potential consequence of the plea that his driver's license would be suspended. After hearing, the trial court noted that although there was evidence Kight had not actually been sworn on his plea, it would rule against Kight on that ground but allowed the withdrawal for the "extenuating circumstance" that if the court had had Kight's record before it and had not been under the misapprehension that the nolo plea was a good plea, Kight's plea of nolo contendere would not have been accepted. The state appeals. *Held*:

1. The state urges that the trial court had no authority to permit Kight to withdraw his plea after the term of court when it was made, citing *Thigpen v. State*, 165 Ga. App. 837 (303 SE2d 81). Kight cites the law that an accused may, at any time before judgment is pronounced, withdraw his plea (OCGA § 17-7-93), but after the pronouncement of sentence, a motion to withdraw a guilty plea addresses itself to the sound discretion of the trial court (*Conlogue v. State*, 243 Ga. 141 (253 SE2d 168)). Kight contends that implicit in this authority to refuse such a motion is the authority to consider such a motion after the term of court has passed.

There are several cases which hold merely that in accordance with OCGA § 17-7-93, until sentence is pronounced the accused has an absolute right to withdraw his plea, but thereafter the trial court has discretion to allow withdrawal of a plea. *McCrary v. State*, 215

Ga. 887 (114 SE2d 133); *Hill v. State*, 167 Ga. App. 746 (307 SE2d 537); *Collins v. State*, 163 Ga. App. 403 (294 SE2d 623). We do not think this means that after sentence is pronounced thereafter *forever* the trial court has discretion to allow withdrawal of a plea. In *Conlogue*, supra, pp. 143-144, the Supreme Court said, "[i]t would appear to us as though a trial judge could not abuse his discretion in denying or refusing to consider such a motion, since the judgment would have passed out of the control of the court and since there is no statutory provision for the filing of motions to withdraw guilty pleas." The Supreme Court clearly held that "the only prescribed means for the appellant's filing the motion to withdraw his guilty plea, after the term of court at which the judgment of conviction was rendered, was through habeas corpus proceedings." Id. pp. 142-143.

In *Overby v. State*, 150 Ga. App. 319 (257 SE2d 386), the trial court denied the defendant's motion to withdraw plea because it was filed untimely and out of term. On appeal, we held the trial judge did "not abuse his discretion in denying the motion . . . since the judgment would have passed out of the control of the court and since there is no statutory provision for the filing of motions to withdraw guilty pleas. *Conlogue*, [supra]."

We think it is very confusing to speak of the withdrawal of a guilty or nolo contendere plea, after judgment is rendered, as being in the "discretion" of the trial court, for clearly the trial court has no discretion to modify or vacate its judgment after the term and, as *Conlogue* held, the only remedy after term is by habeas corpus. As to the trial court's lack of authority to modify or vacate its judgments after the term generally, see *Union Circulation Co. v. Trust Co. Bank*, 143 Ga. App. 715 (240 SE2d 100).

We clearly held in 1967 that "the prisoner could have made a motion to withdraw his plea of nolo contendere at any time before expiration of the term at which judgment was entered. [Cit.] However, the general rule is that after expiration of the term at which the judgment was entered a court cannot set aside or alter its final judgment unless the proceeding for that purpose was begun during the term. [Cits.]" *Moore v. State*, 116 Ga. App. 774 (158 SE2d 926).

As to any attempt to modify a judgment, the trial court loses jurisdiction after the term. This rule applies equally to a withdrawal of a plea; otherwise, there would be no limit to time to withdraw a plea and no end to the case. Under *Conlogue*, supra, and *Moore*, supra, the trial court was without authority to permit Kight's plea to be withdrawn two years after sentence.

We should observe here that the authority for withdrawal in the same term of a plea of guilty after judgment is judicial in origin, and generally refers to an attack on a *plea* for defects dehors the record, as where the plea was rendered through mistake or undue influence.

The statutory authority for modification of a criminal *judgment* is OCGA § 17-9-60 et seq., which authorizes a motion in arrest of judgment. A motion in arrest of judgment, like a motion for withdrawal of plea, must be made at the same term the judgment was obtained (OCGA § 17-9-61 (b)), and addresses only a nonamendable defect on the face of the record. OCGA § 17-9-61 (a). See *Marshall v. State*, 229 Ga. 841 (195 SE2d 12), where a motion denominated as withdrawal of a plea was correctly ruled upon as a motion in arrest of judgment, as it sought to modify judgment upon a plea on grounds that the indictments were void on their face.

2. We hold, further, that the trial court erred under the facts of this case in permitting the plea to be withdrawn merely because the appellee incorrectly estimated the collateral effects of the plea. We reject the trial court's reasoning that it could withdraw the plea because it would not have accepted the nolo contendere plea if it had known Kight had a prior DUI conviction and would be subject to having his license suspended. "Adverse unanticipated collateral consequences are not valid reasons for [permitting the withdrawal of a nolo contendere plea]. *Meaton v. United States*, 328 F2d 379 (5th Cir. 1964). 'The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision.' *Brady v. United States*, 397 U. S. 742, 757 (90 SC 1463, 25 LE2d 747) (1970)." *Davis v. State*, 151 Ga. App. 736 (261 SE2d 468). See also *Garcia v. State*, 152 Ga. App. 889 (264 SE2d 323). Finally, Kight's plea of nolo contendere was knowingly and voluntarily made. See *Roberts v. Greenway*, 233 Ga. 473 (211 SE2d 764).

*Judgment reversed. Carley and Sognier, JJ., concur.*

DECIDED JUNE 6, 1985.

*Ralph T. Bowden, Solicitor, William C. Akins, Gentry Shelnutt, Assistant Solicitors*, for appellant.
*David M. Fuller*, for appellee.