70782. HUGHES v. THE STATE.
(336 SE2d 346)

BEASLEY, Judge.

On October 16, 1984 defendant pled guilty to armed robbery. The conviction was entered on this date, and defendant was sentenced to thirteen years imprisonment. No appeal followed. On December 26, 1985, in a subsequent term of court, defendant filed an extraordinary motion to withdraw his guilty plea, asserting the plea was not knowingly and voluntarily made. Defendant appeals the trial court's denial of this motion.

"Until sentence is pronounced upon a prisoner, he has an unlimited right to withdraw his plea of guilty. Code § 27-1404 [OCGA § 17-7-93]. After judgment has been pronounced, a motion to withdraw the plea, made at the same term, is within the sound legal discretion of the trial judge. [Cit.]." *McCrary v. State*, 215 Ga. 887, 889 (2) (114 SE2d 133) (1960).

In the case at bar, not only had the sentence already been pronounced prior to defendant's filing the motion, but the term of court at which the judgment was entered had also passed. As the court announced in *Conlogue v. State*, 243 Ga. 141, 143-144 (6) (253 SE2d 168) (1979) (dicta on other rationale rejected in *Smith v. State*, 253

Ga. 169 (316 SE2d 757) (1984)), "We have not been cited to any cases, nor have we found any, holding that the trial judge abused his discretion in denying a motion to withdraw a guilty plea filed after the term of court at which the judgment of conviction was rendered. It would appear to us as though a trial judge could not abuse his discretion in denying or refusing to consider such a motion, since the judgment would have passed out of the control of the court and since there is no statutory provision for the filing of motions to withdraw guilty pleas." "As to any attempt to modify a judgment, the trial court loses jurisdiction after the term. This rule applies equally to a withdrawal of a plea; otherwise, there would be no limit to time to withdraw a plea and no end to the case." *State v. Kight*, 175 Ga. App. 65, 66 (332 SE2d 363).

Secondly, contrary to defendant's empty assertion, the face of the record does not reveal that defendant is not guilty of armed robbery; thus, a motion in arrest of judgment, the authorized means by which one may obtain modification of a criminal judgment, would not lie. Id. Also, "[a] motion in arrest of judgment, like a motion for withdrawal of plea, must be made at the same term the judgment was obtained (OCGA § 17-9-61 (b)) . . ." Id.

The court could have considered the motion as an extraordinary motion for new trial, as a trial is the relief appellant sought and would have gotten if his "motion to withdraw plea" was granted. Looking at it in that light, we would have no jurisdiction in this case to review the ruling. OCGA § 5-6-35 (a) (7) provides that appeals from the denial of an extraordinary motion for new trial, when separate from the original appeal, require an application to appeal. No such application has been filed. We would therefore have had to dismiss defendant's appeal for failure to follow the procedures set forth in OCGA § 5-6-35 (a) (7).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 16, 1985.

*Jane A. Stevens*, for appellant.
*Willis B. Sparks III, District Attorney*, for appellee.