## 74688. GAYTON v. THE STATE.
(361 SE2d 691)

BIRDSONG, Chief Judge.

Larry Dean Gayton was convicted upon his plea of guilty of the offense of driving under the influence. With the joint consent of the prosecutor and the trial court, Gayton secured the asserted right to file an appeal based upon a claim of selective prosecution notwithstanding his plea of guilty. *Held*:

Though we are of the opinion that a plea of guilty waives any asserted trial errors (*Taylor v. State*, 169 Ga. App. 779 (315 SE2d 288)), we will honor the promise of the right of appeal upon the issue stipulated by agents of the State. See *State v. Hanson*, 249 Ga. 739 (295 SE2d 297). Gayton bases his claim of illegal prosecution upon an unfair and discriminatory selectivity for prosecution for the crime of DUI. This claim arises directly out of the investigation of the conduct of the Director of the Georgia State Patrol and the members of several of that agency's district offices. The trial court admitted as evidence the investigation of the State Patrol by the GBI as well as a memorandum from the Attorney General outlining an independent investigation of the same subject. It is undisputed that an unknown number of citizens of Georgia had driving tickets, including moving traffic violations as well as DUI charges, "fixed." The evidence reflects that the investigation uncovered numerous tickets being fixed at the request of wealthy citizens, politically prominent personages, sports figures, and persons conferring privileges or personal goods in exchange for the fixing of tickets. The practice appears to have been the result of personal favors being exercised by members of the State Patrol or at the direction of higher authority in the State Patrol. The number of such fixed tickets is apparently not discoverable inasmuch as records are not available or do not reflect the transmutations from a more serious offense to a less serious or dismissed disposition. It is clear however that within the overall number of traffic offenders, including DUI offenses, within this state, the number of tickets "fixed" is small, and, human vice being what it is, surreptitiously probably continues.

Within this context, we are required to evaluate the claim of selective prosecution. It is clear that within the contemplation of the law applicable to the theory of selective prosecution, that to succeed on a claim of selective prosecution, Gayton has the burden of showing: (1) that others similarly situated uniformly have not been prosecuted, and (2) that the allegedly discriminatory prosecution of himself was based upon an impermissible motive. *Sabel v. State*, 250 Ga. 640, 643 (4) (300 SE2d 663). Related within this same context, we can find no indication of a vindictive prosecution for there is no evidence that the State sought to prosecute Gayton or to increase the punishment

for the offense of DUI in response to his exercise of any of his constitutional rights. See *United States v. Burt*, 619 F2d 831, 836 (9th Cir. 1980).

The fact that some persons are wrongly singled out for special favor does not justify a charge of discrimination or selective prosecution by those who are not.

The burden was on Gayton to prove a selective prosecution by showing (1) that others *generally* are not prosecuted for the same misconduct, and (2) the decision to prosecute Gayton was based upon impermissible grounds such as race, religion or exercise of constitutional rights. *Sabel v. State*, supra. While Gayton has shown that through the improper acts of a few state law enforcement officials a select few citizens have escaped the penalty of the law for DUI violations, there is a failure to establish that DUI offenders generally are not punished. Likewise, there is no evidence in this record that Gayton was treated any differently than the vast majority of other DUI offenders in this state. Certainly there is no evidence that Gayton was selected for punishment because of his race, religion, or exercise of constitutional rights.

It is clear that all prosecutions are to some degree selective. Prosecutors and law enforcement officials in the execution of their duties constantly and routinely practice some degree of selectivity in deploying their limited enforcement resources. Thus selective prosecution based upon necessity and legal actions clearly is not prohibited. *United States v. Burt*, supra. Gayton has not shown successfully that he has been singled out for prosecution for impermissible reasons by showing that a comparatively few citizens for improper reasons have not been prosecuted for the same crime. *Sabel v. State*, supra. We find no merit in this enumeration.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 17, 1987 —
REHEARING DENIED SEPTEMBER 30, 1987 — 

*Virgil L. Brown, Christopher C. Edwards*, for appellant.
*John T. Newton Jr., Solicitor*, for appellee.
*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Neal B. Childers, Staff Assistant Attorney General*, amici curiae.