## 76749. SHERWOOD v. THE STATE.
### (372 SE2d 677)

Pope, Judge.

The defendant, Robert Eugene Sherwood, entered a plea of nolo contendere for the offenses of driving with suspended license, speeding and failure to show proof of insurance. The charge relating to failure to show proof of insurance was placed on the dead docket and, pursuant to the recommendation of the State, the trial court imposed fines for the remaining offenses. According to defendant's brief, but not otherwise appearing of record, defendant received notice from the Department of Public Safety in February 1987 declaring him to be a habitual violator based on his plea of nolo contendere to the driving with suspended license charge and two prior guilty pleas to driving under the influence charges.

On May 19, 1987, several terms of court following the entry of defendant's plea and imposition of sentence, defendant filed a Motion to Withdraw Plea and Vacate Sentence and an Extraordinary Motion for New Trial, contending his plea was not voluntarily entered because he was unaware that he could be declared an habitual violator and his license revoked. This appeal follows the trial court's denial of these motions. *Held*:

1. "OCGA § 17-7-93 (b) permits a defendant to withdraw a guilty plea [or plea of nolo contendere] as a matter of right before sentence is pronounced. Even after sentencing, the trial court has the discretion to allow the withdrawal of the plea prior to the expiration of the term of court in which the sentence was entered. *State v. Kight*, 175 Ga. App. 65 (332 SE2d 363) (1985). However, after the expiration of that term and of the time for filing an appeal from the conviction, the only remedy available to the defendant would be through habeas corpus proceedings. Id." *Staley v. State*, 184 Ga. App. 402 (361 SE2d 702) (1987). Hence the trial court was without authority to allow defendant to withdraw his plea in the present case. *Sanders v. State*, 179 Ga. App. 168 (1) (345 SE2d 677) (1986); *State v. Kight*, 175 Ga. App. 65 (1) (332 SE2d 363) (1985); *Thigpen v. State*, 165 Ga. App. 837 (303 SE2d 81) (1983).

Moreover, and pretermitting the issue of the timeliness of defendant's motion, we find no merit to defendant's argument concerning the voluntariness of his plea. " 'Adverse unanticipated collateral consequences are not valid reasons for (permitting the withdrawal of a nolo contendere plea). *Meaton v. United States*, 328 F2d 379 (5th Cir. 1964). "The rule that a plea must be intelligently made to be

valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision." [Cit.]' . . . *Davis v. State*, 151 Ga. App. 736 (261 SE2d 468) [1979]. See also *Garcia v. State*, 152 Ga. App. 889 (264 SE2d 323) [1980]." *State v. Kight*, supra at 67. Consequently, the trial court did not err in denying defendant's motion to withdraw his nolo contendere plea.

2. Defendant also assigns error to the trial court's denial of his extraordinary motion for new trial and argues that the February 1987 letter from the Department of Public Safety advising him of his habitual violator status constituted newly discovered evidence so as to authorize and require a new trial. See generally *Dick v. State*, 248 Ga. 898 (287 SE2d 11) (1982). Pretermitting the issue of the procedural propriety of using an extraordinary motion for new trial to challenge a guilty or nolo contendere plea, see *Logan v. State*, 256 Ga. 664 (352 SE2d 567) (1987); *Amos v. State*, 161 Ga. App. 281 (2) (287 SE2d 743) (1982), we decline to find that defendant's eventual ascertainment of the possible consequences of his plea of nolo contendere constituted newly discovered evidence so as to warrant a new trial. "Newly discovered evidence will not authorize a new trial in a criminal case unless it 'relates to facts which are . . . vitally material to the issue of the defendant's *guilt or innocence*.' (Emphasis supplied.) *Taylor v. State*, 13 Ga. App. 689 (1) (79 SE 862) (1913)." *Simmons v. State*, 174 Ga. App. 906, 910 (331 SE2d 923) (1985). Accordingly, this enumeration affords no basis for reversal.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*David H. Jones*, for appellant.
*James L. Webb, Solicitor, Richard J. Edwards, Assistant Solicitor*, for appellee.