## 76530. LOWERY v. THE STATE.
(373 SE2d 261)

McMurray, Presiding Judge.

Defendant was charged by indictment with three counts of the offense of forgery in the first degree. At a hearing before the superior court on May 27, 1987, defendant waived his right to counsel and entered a plea of guilty on each of the three counts of forgery in the first degree. Defendant was sentenced on May 27, 1987.

On August 21, 1987, defendant filed his "Motion to Vacate Sentence" whereby defendant sought to withdraw his plea of guilty or alternatively that his sentence be vacated. Defendant appeals from the denial of his motion. *Held*:

The terms of court for the Superior Court of Telfair County commence as follows: "Fourth Monday in February and June and third and fourth Mondays in October." OCGA § 15-6-3 (29) (E). "Even after sentencing, the trial court has the discretion to allow the withdrawal of the plea prior to the expiration of the term of court in which the sentence was entered. *State v. Kight*, 175 Ga. App. 65 (332 SE2d 363) (1985). However, after the expiration of that term and of the time for filing an appeal from the conviction, the only remedy available to the defendant would be through habeas corpus proceedings. Id. The denial of the motion filed by the appellant in the present case must accordingly be affirmed." *Staley v. State*, 184 Ga. App. 402 (361 SE2d 702). Neither was defendant's motion an appropriate means to obtain modification of defendant's sentence following the end of the term sentence was entered. *State v. Kight*, 175 Ga. App. 65 (1), 67, supra.

*Judgment affirmed. Pope and Benham, JJ., concur.*

### Decided September 15, 1988.

*E. Herman Warnock*, for appellant.

*James L. Wiggins*, District Attorney, *Timothy G. Vaughn*, Assistant District Attorney, for appellee.